UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS A. CENSKE,

        Petitioner,

v.                                                   Case No. 18-C-433

MARK S. INCH,

        Respondent.

## SCREENING ORDER

On March 16, 2018, Petitioner Thomas Censke filed this petition pursuant to 28 U.S.C. § 2241, asserting that he is confined in violation of the Constitution. Petitioner was convicted on July 9, 2009, in the district court for the Western District of Michigan on four counts of mailing threatening communications and was sentenced to 10 years imprisonment. His conviction has already been twice reviewed by the United States Court of Appeals for the Sixth Circuit. *United States v. Censke*, 449 F. App'x 456 (6th Cir. 2011) (vacating sentence on direct appeal); *United States v. Censke*, 534 F. App'x 382 (6th Cir. 2013) (affirming sentence imposed on remand). Although he was in the custody of the Federal Bureau of Prisons and incarcerated at the Brown County Jail in Green Bay, Wisconsin, at the time he filed his petition, Petitioner has since apparently been released from confinement and filed a change of address notification indicating that he his now at Attic Correctional Service in Menominee, Michigan, presumably on supervised release. ECF No. 6.

Under Rule 1(b) of the Rules Governing § 2254 Cases and Civil Local Rule 9(a)(2), the court applies the Rules Governing § 2254 cases to petitions for a writ of habeas corpus under 28 U.S.C. § 2241. Accordingly, I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available remedies.

"Federal prisoners who seek to collaterally attack their conviction or sentence must ordinarily bring an action under § 2255, 'the federal prisoner's substitute for habeas corpus.'" *Camacho v. English*, 872 F.3d 811, 813 (7th Cir. 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). A federal prisoner may, however, file a petition under § 2241 "if his section 2255 remedy 'is inadequate or ineffective to test the legality of his detention.'" *Brown*, 696 F.3d at 640 (quoting 28 U.S.C. § 2255(e)). "This generally requires a structural problem in § 2255 that forecloses even one round of effective collateral review, unrelated to the petitioner's own mistakes." *Poe v. LaRiva*, 834 F.3d 770, 772 (7th Cir. 2016). The mere fact that Petitioner's claim would be a second or successive § 2255 motion does not render § 2255 inadequate or ineffective. *See In re Davenport*, 147 F.3d 605, 609–10 (7th Cir. 1998). To invoke the § 2255(e) Savings Clause and proceed under § 2241, a prisoner must demonstrate (1) that his argument relies on a statutory interpretation case that could be invoked in a second or successive § 2255 motion; (2) that the new rule applies

2

retroactively on collateral review and could not have been invoked in earlier proceedings; and (3) the error is grave enough to constitute a miscarriage of justice. *Camacho*, 872 F.3d at 813 (citing *Brown*, 696 F.3d at 640).

This petition must be dismissed. Petitioner's underlying conviction and sentence were imposed by the United States District Court for the Western District of Michigan. Because this court is not "the court which imposed the sentence," this court is without jurisdiction in the first instance to consider a motion to vacate, set aside, or correct the sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255(a). Moreover, Petitioner has already sought relief from his conviction under § 2255. *Censke v. United States*, No. 2:14-cv-179, 2014 WL 4542488 (W.D. Mich Sept. 11, 2014) (denying § 2255 motion). He would therefore have to seek authorization from the Court of Appeals to file a second or successive petition. 28 U.S.C. § 2255(h).

Nor can Petitioner invoke the Savings Clause in § 2255(e) and proceed on a § 2241 petition. He has already attempted that route twice. *See Censke v. Fox*, 659 F. App'x 485 (10th Cir. 2016) (per curiam) (affirming dismissal of § 2241 petition for lack of jurisdiction); *Censke v. Matevousian*, No. 17-16422, 2017 WL 6887306 (9th Cir. Dec. 18, 2017) (denying certificate of appealability for "disguised section 2255 motion"). Principles of res judicata, if not the same reasoning, bar him from raising the same argument yet again in this court.

**THEREFORE, IT IS ORDERED** that this petition is summarily **DISMISSED** for lack of jurisdiction pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Having disposed of this petition, the Court must decide whether to issue a certificate of appealability. Rule 11(a), Rules Governing § 2254 Petitions. The certificate of appealability may

issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3).

Here I conclude that reasonable jurists could not debate the outcome, and the petitioner has not shown the denial of any constitutional right. The certificate of appealability is therefore **DENIED**.

Dated this 27th day of March, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court